**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| BRANDON QUENTIN SHAW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00836-MTS |
| | ) | |
| MICHAEL KIRN, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of Petitioner Brandon Quentin Shaw's Petition For a Writ Of Habeas Corpus Under 28 U.S.C. § 2241, Doc. [1], and Motion for leave to Proceed in Forma Pauperis, Doc. [2]. The Court has reviewed Petitioner's Motion and finds it appropriate to grant it. The Court has also reviewed the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and finds it must be dismissed.

**I. Facts and Background**

Petitioner is a federal pretrial detainee incarcerated in the Phelps County Jail. He has been charged in this United States District Court with distribution of a controlled substance, and with being an unlicensed dealer of firearms and a felon in possession of a firearm. *See United States v. Shaw*, No. 4:24-cr-00058-JMD-JSD-1 (E.D. Mo. 2024). As of the date of this order, Petitioner has filed pretrial motions that remain pending.

Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2241 and named his custodian, Phelps County Sheriff Michael Kirn, as Respondent. He identifies 11 separate grounds for relief, but his actual claims are not easily discernible because he sets them out in

1

long, repetitive, and unnecessarily detailed sentences. He also cites numerous provisions of Title 18 of the United States Code and the Administrative Procedures Act, 5 U.S.C. § 702 *et seq.* (also "APA").

Notwithstanding these difficulties, Petitioner claims that his constitutional rights were violated by federal law enforcement agents employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives (also "ATF"), and Assistant United States Attorney Jennifer L. Szczucinski. Condensed and summarized, Petitioner's grounds for relief are as follows:

(1) ATF Agent Riley O'Brien procured ATF Agent Kirsten Ellerbusch to unlawfully intercept Petitioner's oral communications to provide as evidence of felony firearms violations;

(2) Agent Ellerbusch violated the APA and federal criminal law when she induced Petitioner to manufacture and broker the sale of firearms from third parties for her to buy between September 2023 and January 2024;

(3) Agent Ellerbusch conspired with Jillian Olsson to induce Petitioner to broker the sale of controlled substances from third parties for Agent Ellerbusch to buy between September 2023 and November 2023;

(4) Several named ATF agents induced Petitioner to manufacture and broker the sale of firearms from third parties for Agent Ellerbusch to buy between September 2023 and January 2024;

(5) Several named ATF agents induced Petitioner to broker the sale of controlled substances from third parties for Agent Ellerbusch to buy;

(6) Several named ATF agents engaged in misleading conduct towards other agents related to reporting whether Petitioner violated the conditions of his supervised release, while Agent Ellerbusch induced Petitioner to manufacture and broker the sale of firearms and controlled substances from third parties for her to buy between September 2023 and January 2024;

(7) Several named ATF agents unlawfully "dissuaded [other agents] to not arrest and/or seek an arrest warrant to arrest Petitioner [] for violating the conditions of supervised release"[*] while Agent Ellerbusch violated federal racketeering statutes by inducing Petitioner to manufacture and broker the sale of firearms

---

[*] Doc. [1] at 16.

2

and controlled substances from third parties for her to buy between September 2023 and January 2024;

(8) Szczucinski conspired with ATF agents and knowingly presented false evidence to establish the commerce element for the offense of felon in possession of a firearm, and influenced other agents to lie to the Grand Jury;

(9) Szczucinski influenced another attorney to mislead Petitioner in order to impede his access to certain evidence, thereby impeding Petitioner's ability to establish his defense of outrageous government conduct;

(10) Szczucinski engaged in wrongdoing that deprived Petitioner of the effective assistance of counsel; and

(11) Szczucinski wrongfully influenced another attorney to induce Petitioner to commit perjury.

Doc. [1] at 7-23. As relief, Petitioner asks this Court to "set aside and hold unlawful the Bureau of Alcohol, Tobacco, Firearms and Explosives and the United States Attorneys Office actions, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, not in accordance with law, contrary to constitutional rights, power, privilege, immunity, and without observance of procedure required by law." *Id.* at 38. After filing the instant Petition, Petitioner filed two additional memoranda in support of his Petition. Docs. [6] and [7].

## II.    Discussion

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires this Court to summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. This Court may apply Rule 4 to the instant Petition. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").

Pursuant to 28 U.S.C. § 2241(c)(3), a prisoner may file a petition for writ of habeas

corpus if he "is in custody in violation of the Constitution or laws or treaties of the United States." But a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses to an ongoing federal criminal prosecution. *Jones v. Perkins*, 245 U.S. 390, 391 (1918) (citations omitted) (absent "exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial"); *see also Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995) (the remedy provided by 28 U.S.C. § 2241 cannot be used to undermine, or interfere with, the proceedings in an ongoing federal criminal case). Instead, federal pretrial detainees must exhaust available remedies before seeking habeas relief. *Hall v. Pratt*, 97 F. App'x 246, 247 (10th Cir. 2004); *accord Moore v. United States*, 875 F. Supp. 620, 623 (D. Neb. 1994) (federal pretrial detainee must first exhaust other available remedies before seeking relief under section 2241). Therefore, if a federal pretrial detainee can still raise the relevant issues in his criminal proceedings, he cannot seek relief under 28 U.S.C. § 2241. *Miller v. United States*, 0:20-cv-00376-WMW-LIB, 2020 WL 3578553, at *1 (D. Minn. May 14, 2020).

In this case, granting Petitioner relief on any of his claims would undermine or interfere with the proceedings in his ongoing federal criminal case. Further, Petitioner has not demonstrated—and independent inquiry does not show—that he has fully exhausted the remedies available in that case. Petitioner remains able to raise the relevant issues in his ongoing criminal case and has indeed filed pretrial motions that have yet to be adjudicated.

Additionally, Petitioner has failed to show a basis for bypassing the normal procedure for raising his claims. To the extent Petitioner attempts to do so by characterizing his claims as arising under the APA and/or Title 18, his efforts are unavailing. The APA permits a

4

"person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute" to obtain "judicial review thereof." 5 U.S.C. § 702. It permits suits against "the United States, the agency by its official title, or the appropriate officer." 5 U.S.C. § 703. But here, Petitioner proceeds against the Phelps County Sheriff, and he claims he was aggrieved by the federal law enforcement officers and federal prosecutor investigating and prosecuting his criminal conduct, not by an agency action. Additionally, Petitioner is unable to simultaneously pursue a section 2241 petition and a civil complaint in the same action. *See, e.g.*, *Malcom v. Starr*, 0:20-cv-02503-MJD-LIB, 2021 WL 931213, at *2 (D. Minn. Mar. 11, 2021). Finally, Title 18 is a criminal statute that does not provide a private right of action.

For the foregoing reasons, the Court finds that relief under section 2241 is unavailable to Petitioner at this time. To determine otherwise would interfere with the trial judge's control over Petitioner's criminal case, encourage "judge shopping," and cause needless duplication of judicial resources. The Court will therefore dismiss this action at this time, without prejudice, and will deny as moot Petitioner's motion for leave to file in excess of the page limitation. The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to Proceed in Forma Pauperis, Doc. [2], is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner's Petition For a Writ Of Habeas Corpus Under 28 U.S.C. § 2241, Doc. [1], is **DENIED** and **DISMISSED** without prejudice. A

separate order of dismissal will accompany this order.

**IT IS FURTHER ORDERED** that Petitioner's Motion for leave to file in excess of the page limitation, Doc. [4], is **DENIED** as moot.

Dated this 10th day of December 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE